IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Calvin L. Jones

      Plaintiff,                              No. CIV S-05-1402 MCE CMK P

    vs.

California Board of Prison Terms, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $12.53 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Background

Plaintiff has filed a form complaint[1] which states that he was convicted of First Degree Murder in 1983. (Compl. at ii.) Plaintiff does not state when he became eligible for parole, but he indicates that he has had seven parole suitability hearings. All seven hearings have resulted in a finding by the Board of Prison Terms ("Board") that plaintiff is unsuitable for parole. Plaintiff's most recent hearing was on April 9, 2003.

Plaintiff challenges the Board's denial of parole. He alleges violations of ex post facto laws and his right to due process arising from the Board's alleged failure to conduct a fair parole suitability hearing. Plaintiff stresses that he does not seek to attack the duration of his confinement, but instead seeks only declaratory and injunctive relief. (Compl. at 4:13-17.)

II. Discussion

In Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), the Supreme Court held that prisoners could challenge the constitutionality of state parole procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to instead seek relief exclusively under federal habeas statutes.

As indicated, plaintiff does not seek anything but prospective injunctive relief concerning the procedures to be used at his next parole eligibility hearing. Accordingly, he may proceed with his claim under § 1983. Wilkinson, 125 S.Ct. at 1244 (stating that when success at most would mean a new parole hearing, which would not necessarily "spell speedier release" a plaintiff may proceed under § 1983). Plaintiff appears to claim that all his parole hearings have been infected with the same types of constitutional errors. As plaintiff is a prisoner seeking relief

---

[1] The complaint, which contains general language and a lengthy discussion concerning the history of the adult authority, community release board and board of prison terms, has spaces where prisoner has typed in information pertinent to him, such as his name, the crime from which his incarceration extends and the date of the conviction. (Compl. at ii.)

against a governmental entity or officers or employees of a governmental entity, the court is required to screen his complaint to ensure that he has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief . 28 U.S.C. § 1915(a)

A. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

///

3

1 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
2 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3    B.    Plaintiff's Claims

4    Plaintiff's first claim is violation of ex post facto. He asserts that the Board's
5 application of the "no new parole policies and procedure of 1991 through 2004," and the
6 "harsher guidelines" applied to plaintiff violate constitutional prohibition of ex post facto laws.
7 (Compl. 28:18-22.) The court construes plaintiff's argument as being that the Board has adopted
8 a new policy of no parole for murders and this new policy constitutes a de facto change in the law
9 governing parole suitability determinations.

10   "The ex post facto clause bars any law which 'imposes a punishment for an act
11 which was not punishable at the time [the act] was committed, or any law which imposes
12 punishment greater than the punishment proscribed when the act was committed.'" United States
13 v. Arzate-Nunez, 18 F.3d 730, 733 (9th Cir. 1994) (internal citations omitted). Here, plaintiff
14 argues that the Board has adopted a "new policy" which creates a defacto change in the law.
15 However, plaintiff does not allege any change in the law which has been retroactively applied to
16 increase the punishment for which plaintiff is eligible. He fails to state an ex post facto claim.
17 See e.g., Dobbert v. Florida, 423 U.S. 282, 293-94 (1977) ( stating that where a law merely alters
18 the method of imposing a penalty and does not change the "quantum of punishment" no ex post
19 facto violation has occurred). Because plaintiff can point to no change in the actual parole law,
20 only the policy governing its implementation, this portion of the complaint neither states a claim,
21 nor can it be amended to state a claim. Thus, it should not be included in any amended
22 complaint.

23   Plaintiff's next claim is that his procedural and due process rights have been
24 violated by the Board's pro forma hearings, which always result in a denial of parole suitability.
25 California's statute governing parole gives rise to a protected liberty interest in release on parole.
26 Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). Therefore, the plaintiff is entitled to the

process outlined by the Supreme Court in <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>,—notice, an opportunity to be heard, a statement of reasons for the decision and a limited right to call and cross-examine witnesses. 442 U.S. 1 (1979). The determination that petitioner is unsuitable for parole must be supported by some evidence bearing some indicia of reliability. <u>Biggs</u>, 334 F.3d at 914.

These guarantees do not exhaust plaintiff's right to due process. The fundamental core of due process is protection against arbitrary action. <u>Hurtado v. California</u>, 110 U.S. 516, 527 (1884). "The touchstone of due process is protection of the individual against arbitrary action of government." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974). Courts too numerous to list have recognized that the right to a disinterested decision maker, who has not prejudged the case, is a part of the fundamental guarantee against arbitrary and capricious government conduct in the California parole context. <u>See</u>, e.g., <u>In re Rosenkrantz</u>, 29 Cal. 4th 616 (2003) (stating that parole decision "must reflect an individualized consideration of the specified criteria and cannot be arbitrary and capricious.")

A review of plaintiff's complaint reveals that he has included a detailed general history of the Board. Plaintiff also makes several broad general statements concerning due process and the denial of parole. However, plaintiff's claims that the Board violated his right to due process are merely cursory. Plaintiff includes almost no information about his individual claim in his complaint. For instance, the complaint does not reveal whether plaintiff was a first time offender or what conclusions and factors the Board relied on in finding him unsuitable for parole. Plaintiff does not put forth a list of factors which he presented to the board which would have weighed in favor of finding him suitable for parole. <u>Biggs</u>, 334 F.3d at 914. For example, plaintiff does not allege that he has a stable social history, that he has discussed remorse for the crime or that he has realistic plans for the future. <u>See</u>, Cal. Code Regs. tit. 15 §§ 2402(d)(2) (stable social history tends to show suitability); 2402(d)(3) (presence of remorse indicating by understanding of nature and magnitude of crime tends to show suitability); 2402(d) (realistic

1 plans for the future or development of marketable skill tends to show suitability).   Based on the
2 current complaint, the court is unable to determine if the requirements of due process were
3 satisfied in plaintiff's denial of parole.  <u>McQuillion</u>, 306 F.3d at 904 (stating that requirements of
4 due process satisfied if some evidence supports the decision).   Accordingly, the plaintiff is given
5 leave to amend this portion of his complaint.

6          If plaintiff chooses to amend his complaint, he must demonstrate, with specificity
7 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
8 rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).   Also, the second amended complaint
9 must allege in specific terms how each named defendant is involved.   There can be no liability
10 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
11 actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>,
12 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
13 Furthermore, vague and conclusory allegations of official participation in civil rights violations
14 are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

15          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
17 an amended complaint be complete in itself without reference to any prior pleading.  This is
18 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
19 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
20 original pleading no longer serves any function in the case.   Therefore, in a second amended
21 complaint, as in an original complaint, each claim and the involvement of each defendant must
22 be sufficiently alleged.

23          Finally, the court notes that plaintiff has brought his complaint as a 42 U.S.C. §
24 1983 civil rights action seeking injunctive relief.  Plaintiff is correct that he may elect to proceed
25 under § 1983, instead of bringing a properly exhausted habeas petition.  <u>Wilkinson</u>, 125 S.Ct. at
26 1244.  However, the types of relief allowed under §1983 are quite different than that offered by a

successful habeas petition. Success in a § 1983 action will allow a court to order a new parole hearing for petitioner which is free from prejudice stemming from a gubernatorial policy against parole for murders. If a fair hearing is once again denied, the court may only order yet another hearing. The court could not order release on parole. However, in a habeas action, the court has latitude to grant far greater relief. Biggs, 334 F.3d at 916-17. If the court found that there was not sufficient evidence to support the Board's determination of unsuitability, the court could grant the habeas petition and order the petitioner released on parole.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $12.53. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 22, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　　　　　CRAIG M. KELLISON
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE