IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Calvin L. Jones

    Plaintiff,                        No. CIV S-05-1402 MCE CMK P

    vs.

California Board of Prison Terms, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 26, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

**I.    Plaintiff's Complaint**

        Plaintiff has been incarcerated since 1983, when he was convicted of first degree murder. In his complaint, plaintiff alleges that the procedures used by the California State Parole Board violate the Constitution. Just like his first complaint, plaintiff's amended complaint is form complaint.[1] Plaintiff states that he has had eight parole suitability hearings; the most recent

---

[1] Plaintiff's complaint contains general language and a detailed discussion of the history of the adult authority, community release board, and the board of prison terms and has blanks where plaintiff has typed in information pertinent to him, including such information as his name, crime, release date. Additionally, the "previous record of violence section" contains reference to a "Sadistic Sexual Offense, " under which petitioner has typed "not applicable." (Am. Pet. 11:6-9.)

in July 2005.  All eight hearings have resulted in a finding by the Board of Prison Terms (Board) that plaintiff is unsuitable for parole.

Plaintiff challenges the Board's denial of parole.  He seeks declaratory relief and injunctive relief.  Specifically, plaintiff seeks an order from this court entering "a permanent injunction order defendant's [sic] to grant to Plaintiff an immediate parole hearing..."  As plaintiff seeks nothing more than injunctive and declaratory relief, he may proceed with his claim under § 1983.  See Wilkinson v. Dotson, 544 U.S. 74 (2005).

**II.   Discussion**

A.   Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Failure to Allege Denial of Due Process

In his amended complaint, plaintiff alleges that the Board denial of parole violated his right to due process. Plaintiff puts forth a list of "circumstances that tend to show [his] suitability [for parole]." For instance, plaintiff states that he has no juvenile record, a stable social history, a family that supports him–plaintiff has included several letter of support from family members in his exhibits, has a low risk of recidivism due to his age and has realistic plans for the future. Am. Compl. 6, 7, & 8.) Plaintiff also asserts that he was suffering from "Battered Woman's Syndrome at the time he committed his crime. (Am. Compl. 8:1-7.)[2] Plaintiff has included numerous exhibits of psychological exams, letters of support and decisions of the Board.

Plaintiff does not, however, tell the court in his amended complaint whether or not he presented all of these factors to the Board for consideration in granting plaintiff parole. Biggs v. Terhune, 334 F.3d 910, 914. Plaintiff also does not set forth what factors the Board relied upon in denying his individual application for parole. Even construing the complaint in a light most favorable to the plaintiff, the court cannot find that plaintiff has alleged that he presented evidence to the Board which tended to weigh heavily in support of finding plaintiff

///
///
///

---

[2]The court finds this assertion in support of plaintiff's parole suitability particularly interesting as plaintiff was convicted of the murder of his male business partner.

suitable for parole.³ See Cal. Code Regs. tit. 15 §§ 2402(d)(2). In short, the court cannot determine if plaintiff was denied the required due process in his parole proceedings. See Biggs, 334 F.3d at 914. Plaintiff will be given leave to file a second amended complaint.

### C. Guidelines for Filing Amended Complaint

Should plaintiff choose to file an amended complaint, he should not include "immaterial background information." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The Ninth Circuit Court of Appeal observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. See id. In other words, the court is far more interested in a concise averment of plaintiff's alleged constitutional deprivations than it is in the history of the Board.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

---

³Perhaps the 100 plus pages of evidence reveals what evidence was presented to the Board, however, due to limited judicial resources the court cannot comb through the evidence to find allegations sufficient to support plaintiff's claim.

4

complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 23, 2006.

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE