IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN L. JONES,

    Plaintiff,                    No. CIV S-05-1402 MCE CMK P

vs.

CALIFORNIA BOARD OF PRISON TERMS, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Defendants have filed a motion to dismiss this action on the grounds that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has filed an opposition to defendants' motion.

**I.    Background**

        Plaintiff was convicted of first-degree murder in 1983, for a murder committed in 1973 and sentenced to a term of seven years to life in prison under the old Indeterminate Sentencing Law (ISL). Plaintiff contends that he has never been properly classified as an ISL

///

1

inmate for parole consideration purposes. He argues that he has been considered for parole under the harsher Determinate Sentencing Law (DSL) and found unsuitable for parole.

A DSL prisoner is one sentenced to prison under Penal Code section 1170 for a crime committed on or after July 1, 1977. Cal. Admin. Code, tit. 15, § 3000 (definitions). The DSL adopted a two-stage approach to parole decisions. First, a prisoner must be found suitable for parole under the DSL guidelines. After a finding of suitability, a date is set for his release. See Connor v. Estelle, 981 F.2d 1032, 1033-34 (9th Cir. 1992). The DSL guidelines require consideration of the same criteria as did the ISL. See id. at 1034. For example, both the DSL and the ISL require that the Board of Prison Terms consider a variety of factors in deciding whether to release a prisoner on parole, including the prisoner's offense, age, habits, mental state, character, amenability to reform, and potential for recidivism. See id. at 1034, n. 1 (citing In re Duarte, 143 Cal. App. 3d 943, 947-949 (1983).

## II. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff. See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper

v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**III.    Discussion**

In his complaint, plaintiff contends that he should have been considered for parole under the old ISL, which is more lenient. Plaintiff states that considering him for parole under the harsher DSL law violates the ex post facto clause of the United States Constitution, the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's equal protection and due process clauses. Defendants argue that plaintiff fails to state a claim upon which relief can be granted.

For plaintiff's ex post facto claim to succeed, he must show that he is being punished for an act which was not punishable at the time it was committed, or that an additional punishment is being imposed upon him to that then prescribed. See Weaver v. Graham, 450 U.S. 24, 28 (1981). In short, for a law to be ex post facto, "it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Id. at 29. The Ninth Circuit has found that the DSL guidelines require consideration of the same criteria as the ISL did. See Connor, 981 F.2d at 1033-34. Specifically, the Ninth Circuit found that a prisoner sentenced

under the ISL is entitled to have his release date calculated under either the ISL or DSL procedures, whichever is more beneficial. <u>See</u> <u>id.</u> at 1034. Because the same criteria are being considered under the DSL, plaintiff cannot show that he is being disadvantaged by the application of the DSL. <u>See</u> <u>id.</u>

Plaintiff's equal protection and due process claims are similarly without merit. "The ISL and DSL guidelines apply identical criteria in determining parole suitability." <u>See</u> <u>Connor</u>, 981 F.2d at 1034-35. Therefore, the application of the DSL guidelines did not deny plaintiff any equal protection of the law or impair his due process rights.

Finally, the court considers plaintiff's Eighth Amendment claim. Plaintiff alleges that the Board of Prison Term's failure to follow the ISL guidelines subjected him to harsher parole procedures which has subjected him to cruel and unusual punishment. This argument has no merit. As noted above, the ISL and DSL guidelines apply identical criteria and therefore, application of the DSL does not disadvantage plaintiff. <u>See</u> <u>Connor</u>, 981 F.2d at 1034-35.

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss be granted.

2. Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

///
///
///
///
///
///
///
///
///

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court. The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
7 1153 (9th Cir. 1991).

DATED: February 6, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE